UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GASHASB STEINBERG,<br><br>    Plaintiff,<br><br>v.<br><br>PROFESSIONAL RECOVERY SERVICES, INC.,<br><br>    Defendant. | Case No. 12-cv-1799-L(DHB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

    On July 20, 2012, Plaintiff Gashasb Steinberg commenced this class action against Defendant Professional Recovery Services, Inc., asserting claims for invasion of privacy (under California Penal Code § 632 and common law) and negligence.  Plaintiff bases this action upon federal diversity jurisdiction under 28 U.S.C. § 1332(d)(2).  Plaintiff states that Defendant is incorporated in New Jersey (Compl. ¶ 3), and is "informed and believes, and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation whose primary corporate address [is] in Voorhess, New Jersey" (*Id.* ¶ 6).

    For the following reasons, the Court finds that Plaintiff's complaint is facially deficient and **DISMISSES WITHOUT PREJUDICE** this class action in its entirety.

## I.   LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam), *abrogated on other grounds by Hertz Corp v. Friend*, 130 S. Ct. 1181 (2010). "In determining whether there is diversity between corporate parties, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Id.* (quoting 28 U.S.C. § 1332(c)(1)). "[W]here corporations are involved, the party seeking jurisdiction must allege the state of the corporation's principal place of business *as well as* the state of incorporation." *United States v. Aldridge*, 56 F.3d 73 (9th Cir. 1995) (unpublished table decision) (emphasis added). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Tosco*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).

Although there has not been a request for dismissal, it is well-established that "a district court's duty to establish subject matter jurisdiction is not contingent upon the parties' arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139, 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

## II.   ANALYSIS

In order to invoke this Court's diversity jurisdiction for a class action, the Class Action Fairness Act ("CAFA") requires that at least one plaintiff is diverse from at least one defendant, and that the amount in controversy exceeds $5,000,000. *Luther v. Countrywide Home Loans Servicing*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (citing 28 U.S.C. § 1332(d)(2)). Plaintiff fails to satisfy the citizenship requirement under the CAFA. *See* 42 U.S.C. § 1332.

Plaintiff alleges that he is a citizen of California and that Defendant is incorporated in New Jersey. (Compl. ¶¶ 3, 5.) However, he fails to "affirmatively and distinctly" allege Defendant's principal place of business. Rather, he alleges that Defendant's "primary corporate address [is] in Voorhees, New Jersey." (*Id.* ¶ 6.) That allegation is wholly irrelevant to determining whether the Court has jurisdiction. And more importantly, by not alleging Defendant's principal place of business, the Court cannot establish that it has diversity jurisdiction over this class action. Therefore, Plaintiff fails to satisfy the specific pleading requirements for diversity jurisdiction.

## III.   CONCLUSION & ORDER

Accordingly, because the complaint does not allege facts necessary to establish diversity jurisdiction as required by 28 U.S.C. § 1332, the Court **DISMISSES WITHOUT PREJUDICE** this class action in its entirety for lack of subject matter jurisdiction. *See Tosco*, 236 F.3d at 499; *see also Garcia v. Specialized Express, LLC*, No. ED CV 10-729, 2010 WL 2402889, at *1 (C.D. Cal. June 8, 2010) (defendant's allegations as to plaintiff's citizenship on "information and belief" were insufficient to invoke diversity jurisdiction). If Plaintiff can correct this deficiency in the complaint, he may file an amended complaint by **August 6, 2012**. *See* 28 U.S.C. § 1653.

**IT IS SO ORDERED**.

DATED: July 23, 2012

M. James Lorenz
United States District Court Judge